F. C. INGRAHAM, S. VISHER, and O. P. READ, Respondents, *v.* GILDEMEESTER and DE FREMERY, Appellants.

In a suit against partners, judgment can be taken only against those served with process.

When some of the defendants are not served with process, the plaintiff may proceed against those served.

- APPEAL from the District Court of the Fifth Judicial District, for the County of San Joaquin.

The respondents filed their complaint against the appellants and one Buffon, as parties, stating, that in September, 1850, they purchased by sample, and received from the defendants, 25 barrels of pork, at the then market price of good pork, and which the defendants represented to be as good as the samples; but which was not good pork, nor like the samples, but unfit for market, &c.; to the plaintiffs' damage, $1000; for which they prayed judgment, &c.

The process was returned, "served" on Gildemeester and De Fremery, and "not found," as to Buffon. Gildemeester and De Fremery appeared, and demurred to the complaint, because it did not state the residence of the parties, nor that either of the defendants resided in the county where the suit was brought; and because the price of the pork was not stated. They also answered, denying the complaint, and specially denying that they were in partnership with Buffon. The plaintiffs amended their complaint, stating that the plaintiffs resided in San Joaquin county, and the defendants in San Francisco, and substituting James Swain, instead of Buffon, as a defendant, and stating the price of the pork,—$26 per barrel. Gildemeester and De Fremery amended their answer to meet the amended complaint, and specially denying their partnership with Swain. The demurrer was overruled: and the cause was tried by a jury, who found a verdict for the plaintiffs, for $875; on which, final judgment was rendered against Gildemeester and De Fremery, overruling a motion for a new trial, made on the ground that the verdict was against law and evidence, and that the defendants

had discovered new evidence, &c.; but there was no affidavit in support of the motion. All the instructions asked by the defendants, were given by the Court to the jury; and were to the effect, that the plaintiffs must prove an express warranty, or fraud; and that the partnership of the defendants must be proved as alleged.

A great deal of testimony was adduced, which went to show that the plaintiffs purchased the pork as alleged, of the firm of Gildemeester, De Fremery & Co.; that the defendants warranted the pork to be as good as the sample; that the pork was not good, &c. There was some conflict in the testimony, as to the warranty, &c., in the sale of the pork. It did not appear who constituted the firm, besides Gildemeester and De Fremery. No notice is taken of Swain in the record, after the amended declaration. The notice of appeal was served by "Gildemeester, De Fremery, & Co."

*S. L. Burritt,* for the appellants. 1st. The demurrer to the jurisdiction was well taken. Stats. 1850, p. 94–5; 3 Black. Com. 278. 2nd. There was no proof of the alleged partnership. The judgment is against Gildemeester and De Fremery, individually, for an alleged co-partnership liability of themselves and one Swain. 7 Johns. 467. 3d. The Court erred in overruling the motion for a new trial. The verdict exceeded the original value of the pork. 21 Wend. 347–8; 2 Hill, 288; 5 Ib. 472; Chit. Cont. 458; 7 U. S. Dig. 431.

*Gilman* and *Van Buren,* for Respondents.

Justice HEYDENFELDT delivered the opinion of the Court. The objection relied on to reverse the judgment is, that three parties are sued as partners, and the verdict and judgment are against two only. It appears from the record that the party not found against, was not served with process. In such case, our statute expressly allows the plaintiff to proceed alone against those who are served. But it is insisted by the appellants, that this party was in Court, because he is charged in the declaration as a partner of the others; and they say that service upon one partner, is service upon all. Such is not the rule in this State. To sustain a judgment against a defendant, he must be served

with process, or brought into Court through some of the forms of law.

Let the judgment be affirmed.(*a*)

(*a*) See April Term.